**Applicability of Guideline Enhancements as to Counts 88 and 89**

The Grand Jury further charges as to each defendant that Counts 88 through 89 involved an amount that exceeded $10,000.00. Accordingly, U.S.S.G. Sections 2B3.3(b)(1)(D), 2B1.1(b)(1)(C) and 1B1.3 are applicable to Counts 88 and 89.

The Grand Jury further charges that defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION abused a position of public trust in a manner that significantly facilitated the commission or concealment of the offense. Accordingly, U.S.S.G. Section 3B1.3 is applicable to defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION.

**COUNT 90:** Title 18, United States Code, Section 1957 – Money Laundering

122. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 24.

123. On or about November 2, 2001, in the District of Massachusetts and elsewhere,

**RAYMOND ASSELIN, SR.,
and
JOSEPH ASSELIN,**

defendants herein, knowingly engaged and attempted to engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is the exchange of cash in the amount of $20,000.00, such property having been derived from a specified unlawful activity, which was bribery, a violation of Title 18, United States Code, Section 201, into a check drawn on the SchwabOne bank account of defendant JOSEPH ASSELIN in order to purchase a 2002 BMW 325CiC, VIN WBABS3344JY59363 for defendant JANET ASSELIN.

All in violation of Title 18, United States Code, Section 1957, and Title 18, United States Code, Section 2.

**Applicability of Guideline Enhancements as to Count 90**

The Grand Jury further charges as to each defendant that Count 90 involved an amount that exceeded $10,000.00. Accordingly, U.S.S.G. Sections 2S1.1(a)(2) and 2B1.1(b)(1)(C) are

applicable to Count 90.

The Grand Jury further charges that defendant RAYMOND ASSELIN, SR. was an organizer, leader, manager or supervisor in the commission of Count 90. Accordingly, U.S.S.G. Section 3B1.1 is applicable to defendant RAYMOND ASSELIN, SR.

**COUNTS 91 - 95:** **Title 18, United States Code, Section 1512 - Witness Tampering**

124. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 24.

125. On or about the dates listed below, in the District of Massachusetts and elsewhere, the defendants listed below, did knowingly corruptly persuade another person, and attempt to do so, with the intent to cause and induce said person to withhold testimony, and withhold a record, document and other object from a grand jury investigation expected to be initiated soon, and with the intent to impair the object's integrity and availability for use in said grand jury investigation, by causing said person to engage in the following conduct:

| Count | Defendants | Obstructive Conduct and Date |
|---|---|---|
| 91 | **RAYMOND ASSELIN, SR.** | caused defendant RAYMOND ASSELIN, JR. to secrete approximately $240,000.00 in cash in his residence at 40 Santa Maria Street, Springfield, MA on or about the summer, 2002 |
| 92 | **ARTHUR SOTIRION** | caused a SHA employee to download the employee's computer hard drive onto computer discs, erase the contents of the employee's computer hard drive, and then attempted to have the SHA employee secrete the computer discs at the employee's residence on or about 08/00/02 |

120

| 93 | JAMES ASSELIN | caused and attempted to cause defendant RAYMOND ASSELIN, JR. and his wife to go through their home and throw away anything that may be linked to the Springfield Housing Authority on or about 08/20/02 |
|---|---|---|
| 94 | RAYMOND ASSELIN, SR. | caused the administrator of the Section 8 program to destroy a list containing names of residents housed improperly and names of individuals who had requested housing assistance on their behalf on or about 09/00/02 |
| 95 | RAYMOND ASSELIN, SR. | attempted to cause a SHA employee to withhold testimony by telling this SHA employee in substance that if the ship goes down, we all go down on or about 09/00/02 |

All in violation of Title 18, United States Code, Section 1512(b)(2)(A) and (B).

121

**COUNTS 96 - 100:** Title 18, United States Code, Section 1503 - Obstruction of Justice

126. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 24.

127. On or about the dates listed below, in the District of Massachusetts and elsewhere, the defendants listed below, did corruptly influence, obstruct and impede, and endeavor to influence, obstruct and impede, the due administration of justice by engaging in the following conduct:

| Count | Defendants | Obstructive Conduct and Date |
|---|---|---|
| 96 | RAYMOND ASSELIN, SR. RAYMOND ASSELIN, JR. MARIA SERRAZINA | attempted to conceal approximately $240,000.00 in cash by moving the cash from the residence of defendant RAYMOND ASSELIN, JR., 40 Santa Maria Street, Springfield, MA to the residence of defendant MARIA SERRAZINA, 140 Sallie Circle, Ludlow, MA in or about the summer, 2002 |
| 97 | RAYMOND ASSELIN, JR. | shredded documents that defendant RAYMOND ASSELIN, JR. believed linked himself or his residence to the Springfield Housing Authority on or about 08/08/02 |
| 98 | RAYMOND ASSELIN, SR. JANET ASSELIN | counseled a witness subpoenaed by the grand jury regarding false testimony to provide the grand jury in the event that the witness appeared before the grand jury on or about 08/21/02 |
| 99 | JANET ASSELIN | destroyed a list containing the names of individuals who had provided cash contributions to the campaigns of defendant CHRISTOPHER ASSELIN on or about 09/00/02 |

| 100 | **PETER DAVIS** | falsely told special agents of the Federal Bureau of Investigation that he had not paid for any home improvements for any members of the Asselin family on or about 04/10/03 |

All in violation of Title 18, United States Code, Section 1503.

**Applicability of Guideline Enhancements as to Counts 96 and 98**

The Grand Jury further charges that defendant RAYMOND ASSELIN, SR. was an organizer, leader, manager or supervisor in the commission of Counts 96 and 98. Accordingly, U.S.S.G. Section 3B1.1 is applicable to defendant RAYMOND ASSELIN, SR.

## 18 U.S.C. § 1963 - Criminal Forfeiture

128. The allegations contained in Counts 1 and 2 of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of any defendant's conviction under Counts 1 and 2 of this Indictment

129. The defendants,

> RAYMOND ASSELIN, SR.,
> ARTHUR SOTIRION,
> PETER DAVIS,
> JOHN SPANO,
> and
> PAUL BANNICK,

a. have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

b. have property constituting and derived from proceeds obtained, directly and indirectly, from racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section

124

1963(a)(3).

130. The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1) and (3), include but are not limited to:

    a.    at least $1,500,000.00;

131. If any of the property described in paragraphs 129 and 130 above, as a result of any act or omission of a defendant

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third party;

    (3) has been placed beyond the jurisdiction of the court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be divided without difficulty;

the court shall order the forfeiture of any other property of the defendants up to the value of any property set forth in paragraphs 2 and 3 above, including, but not limited to, the following:

    a.    real property and buildings located at 115 Mayfair Avenue, Springfield, MA;

    b.    real property and buildings located at 56 Stage Island Road, Chatham, MA;

    c.    real property and buildings located at 811 Dickinson Street, Springfield, MA;

125

    d.    real property and buildings located at 48 Webber Street, Springfield, MA;

    e.    $240,000.00 in cash located in a briefcase seized from 140 Sallie Circle, Ludlow, MA;

    f.    $47,000.00 in cash removed from the briefcase found at 140 Sallie Circle, Ludlow, MA;

    g.    $3,650.00 in cash seized from 115 Mayfair Avenue, Springfield, MA;

    h.    2002 BMW 325CiC, VIN WBABS3344JY59363 registered in the names of defendants RAYMOND ASSELIN, SR. and JANET ASSELIN, and,

    i.    twenty-three foot Chaparral 235SSi boat.

132. The above-named defendants, and each of them, are jointly and severally liable for the forfeiture obligations as alleged above.

All pursuant to Title 18, United States Code, Section 1963.

126

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY


_____
Assistant United States Attorney


DISTRICT OF MASSACHUSETTS: _____July 9_____, 2004

Returned into the District Court by the Grand Jurors and filed at 3:37 pm

_____
DEPUTY CLERK OF THE COURT


127