

U.S. Department of Justice

United States Attorney
District of Massachusetts

Main Reception: (413) 785-0235
Fax (413) 785-0394

Federal Building and Courthouse
1550 Main Street, Room 310
Springfield, Massachusetts 01103

July 7, 2005

Thomas Lesser, Esq.
Lesser, Newman, Souweine & Nasser
39 Main Street
Suite 1
Northampton, MA  01060

Re:  United States v. Maria Serrazina, et al.
     CR-N-04-30033-MAP

Dear Mr. Lesser:

This letter shall respond to your discovery letter, dated June 23, 2005, which this office received on June 24, 2005. This office responds as follows:

1. The Government declines to identify all documents or things that it intends to use in its case-in-chief. Neither Rule 16, the Local Rules, nor <u>Brady</u> require the Government to do so at this time. The Government, however, does intend to use in its case in chief all evidence seized from your client's residence and all photographs taken during the search. I believe that this is the only search warrant for which your client would have standing to file a suppression motion under Rule 12(d)(2).

   The Government does not have a preliminary exhibit list prepared or any indices and/or summaries of documents.

2. At this time, the Government does not anticipate calling any expert witnesses in its case-in-chief. Of course, that position may change depending upon, for example, the use of any experts by any defendant or the nature of any defenses presented by any defendant. The Government agrees to abide by the disclosures required

1

by Rule 16. The reference to Local Rule 116.3(A) does not make sense.

3. I refer you to the Government's discovery letter, dated September 1, 2004. I do not believe there are any notes of the oral statements made by Maria Serrazina.

   Regarding Merylina Asselin, I believe that I previously discovered a copy of her proffer interview. If not, I have sent another copy under separate cover. I decline to provide the notes of the proffer interview as her statements are not admissible at the present time, and the report constitutes the written record of your client's statements. Finally, I do not believe there are any notes of the oral statements made by Merylina Asselin in April, 2003.

4. The Government declines to provide this information. Neither Rule 16, the Local Rules, nor <u>Brady</u> require this discovery.

5. There are no such tests.

6. See response to Request 3.

7. The Government declines to produce the identity and location of cooperating witnesses. "In this Circuit, the law is settled: `[T]here is no constitutional or statutory requirement that the identity of prosecution witnesses be disclosed before trial.'" <u>United States v. Collazo-Aponte</u>, 216 F.3d 163, 182 (1st Cir. 2000) (quoting <u>United States v. Bello-Perez</u>, 977 F.2d 664, 670 (1st Cir. 1992)). Instead, the Government will adhere to the schedule set forth in the Local Rules, which provides for disclosure seven days in advance of trial. Notwithstanding the above, the Government believes that it already has produced the names of cooperating witnesses by virtue of the disclosure of proffer agreements, immunity agreements, and/or co-conspirator identities.

8. The Government believes that it already has made such disclosure and recognizes its continuing duty to do so.

9. As an initial matter, the Government objects to the vagueness and lack of notice provided by this request. <u>United States v. Carrasquillo-Plaza</u>, 873 F.2d 10, 12-13 (1st Cir. 1989). Notwithstanding its objection, the

2

Government believes that it already has produced this information and recognizes its continuing duty to do so.

10. See response to Request 9.

11. All of this information is available for review at the FBI as required by Rule 16.

To the extent the Government did not do so previously, the Government hereby makes a reciprocal discovery request under Rule 16(b)(1)(A), (B), and (C). The Government further requests that the defendant acknowledge its continuing duty to disclose under Rule 16.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
WILLIAM M. WELCH II
Assistant United States Attorney

cc: court clerk
    all defense counsel of record

3