UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIM. NO. 04-30033-MAP |
| ) | |
| vs. ) | |
| ) | |
| RAYMOND ASSELIN, SR., et al. ) | |
| ) | |
| Defendants. ) | |

## GOVERNMENT'S OBJECTION TO MOTION TO IMPOUND

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby files its objection to Defendant Serrazina's Motion to Impound and to File Ex Parte Affidavits in Support of Defendant Maria Serrazina's Motion to Server as follows:

1. As an initial matter, the defendant's motion is in violation of Local Rule 7.2. Local Rule 7.2 requires the motion "to contain a statement of the earliest date on which the impounding order may be lifted, or a statement, supported by good cause, that the material should be impounded until further order of the court." Defendant Serrazina's motion does not contain any such statement.

Furthermore, good cause exists not to enter an open ended order impounding the affidavit(s) of defendant Serrazina's co-defendants. For example, assuming arguendo that the court

1

granted defendant Serrazina's motion to sever, defendant Serrazina's co-defendants would have to testify publicly. Therefore, there would be no reason to maintain the confidentiality of the affidavit(s) after the court rules on the motion to sever.

2.   Second, the plain language of Rule 8 and Rule 14 do not permit the submission of the affidavit(s) of defendant Serrazina's co-defendants under seal.  Instead, Rule 14 only permits the submission of a defendant's statements that the government intends to use as evidence under seal. See Rule 14(b). Had Congress intended to permit co-defendant's affidavit(s) to be submitted under seal, Congress would have expressly so indicated.

3.   Finally, as the First Circuit caselaw makes clear, severance motions based upon affidavit(s) of co-defendants are intensive, fact-based decisions.  For example, where a defendant seeks a severance based upon the need to present the exculpatory testimony of a co-defendant, "a defendant must show that the proffered testimony is genuinely necessary, exculpatory, and will in fact be forthcoming in a severed trial." United States v. Hurley, 63 F.3d 1, 17 (1st Cir. 1995)(citing United States v. Drougas, 748 F.2d 8, 19 (1st Cir. 1984)).  To make such a showing, the defendant initially must demonstrate the "first-tier Drougas factors":  "(1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and

effect; and (4) that the co-defendant will in fact testify if the cases are severed." United States v. Smith, 46 F.3d 1223, 1231 (1st Cir. 1994); Nason, 9 F.3d at 158.

Assuming that a defendant makes the first showing, the district court then must consider the "second-tier Drougas factors." Id.  To establish the "second-tier Drougas factors," "the district court should (1) examine the significance of the testimony in relation to the defendant's theory of defense; (2) consider whether the testimony would be subject to substantial, damaging impeachment; (3) assess the counter arguments of judicial economy; and (4) give weight to the timeliness of the motion." Id.; Nason, 9 F.3d at 158.

Conclusory statements do not suffice to establish the exculpatory nature of proffered testimony. See Smith, 46 F.3d at 1232.  Varying degrees of involvement by co-defendants does not warrant a severance. See also United States v. Rogers, 121 F.3d 12, 16 (1st Cir. 1997).  "[M]ore circumstantially rather than directly" exculpatory testimony is inadequate to grant a severance. Smith, 46 F.3d at 1231-1232.  The Government will be unable to point out any of the deficiencies of any co-defendant's proffered testimony without a copy of the underlying affidavits.

In addition, under the second-tier Drougas factors, the Government would be unable to direct the court to any "substantial, damaging impeachment" information that may

undermine the credibility of the proffered testimony of any co-defendant. A sanitized summary of "the substance of the proposed testimony" provided in the body of defendant Serrazina's motion is inadequate. The Government will be forced to view the a co-defendant(s)' proffered testimony through defendant Serrazina's self-constructed prism, thus not allowing the Government to set forth a full and complete factual rebuttal to defendant Serrazina's argument. Therefore, contrary to defendant Serrazina's statement, both the government and the court will be prejudiced because the government and ultimately the court must analyze the defendant Serrazina's motion based upon an incomplete assessment of the facts.

Filed this 21st day of December, 2005.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

_____
WILLIAM M. WELCH II
Assistant United States Attorney

4

CERTIFICATE OF SERVICE

Hampden,   ss.                                   Springfield, Massachusetts
                                                 December 21, 2005


    I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by mailing said motion to:

Richard M. Egbert, Esq.                          Vincent A. Bongiorni, Esq.
99 Summer Street                                 95 State Street
Suite 1620                                       Springfield, MA   01103
Boston, MA   02110

James C. Rehnquist, Esq.                         Thomas Rooke, Esq.
Goodwin Proctor & Hoar                           73 Chestnut Street
Exchange Place                                   Springfield, MA 01103
Boston, MA 02109

Steven W. Leary, Esq.                            Roy H. Anderson, Esq.
95 State Street                                  Box 1420
Springfield, MA 01103                            Springfield, MA   01101

Thomas Lesser, Esq.                              Bernard Grossberg, Esq.
Lesser, Newman, Souweine & Nasser                99 Summer Street
39 Main Street                                   Suite 1800
Northampton, MA   01060                          Boston, MA   02110

Thomas R. Kiley, Esq.                            David P. Hoose, Esq.
Cosgrove, Eisenberg & Kiley                      Katz, Sasson, Hoose & Turnbull
1 International Place                            1145 Main Street
Boston, MA   02110                               Springfield, MA   01103

Joseph Ballero, Esq.
99 Summer Street
Suite 1800
Boston, MA   02110

                                                                    /s/ William M. Welch II
                                                 WILLIAM M. WELCH II
                                                 Assistant United States Attorney

5