that they could not inventory or photograph personal effects such as jewelry or things of that nature.

Finally, Category E limited the agents judgment solely to evidence of "things of value from SHA vendors." Therefore, the agents knew that they could not seize any things of value from non-SHA vendors. Contrary to defendant Serrazina's assertion, given the location of $240,000.00 in bribe proceeds in her attic and the fact that her siblings received free goods, e.g. rugs, roofs, etc. from SHA vendors, it was entirely reasonable and probable to believe that evidence of bribery would be found at defendant Serrazina's residence.

II. **The Seizing Agent Acted In Good Faith When The Agent Seized Various Items As Authorized By The Terms Of The Search Warrant.**

Leon "protects good faith police reliance on a magistrate search warrant, even if the warrant later proves invalid, unless inter alia the underlying affidavit is `so lacking in indicia of probable cause' as to make reliance upon it `entirely unreasonable.'" Procopio, 88 F.3d at 28 (quoting United States v. Leon, 468 U.S. 897, 923 (1984)(quoting Brown v. Illinois, 422 U.S. 590, 610-11 (1975))). See also United States v. Ricciardelli, 998 F.2d 8, 15 (1st Cir. 1993). "`A warrant issued by a magistrate normally suffices to establish' that a law enforcement officer has `acted in good faith in conducting their search.'" Leon, 468 U.S. at 922. "`In the absence of an allegation that the

18

magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.'" United States v. Robinson, 350 F.3d 66, 70 (1st Cir. 2004)(quoting Leon, 468 U.S. at 926).

In this case, there is no allegation that the issuing magistrate wholly abandoned his detached and neutral role. There is no allegation that Special Agent Hedges' affidavit contained misleading or reckless assertions.[2] Instead, the facts contained in Special Agent Hedges' Affidavit support the conclusion that Special Agent Kossler seized the various items now contested in good faith, believing that the search warrant authorized her to seize the items in Attachment A. As Exhibit B, the Affidavit of Special Agent Kossler attests, Special Agent Kossler had been involved in many of the initial debriefings with Lisa Asselin and was very familiar with the SHA investigation. Special Agent Kossler knew that Magistrate Judge Neiman had authorized the seizure of the items in Attachment A. Special Agent read the

---

[2] Defendant Serrazina seems to imply that Special Agent Hedges should have known, for example, that she had the financial ability to pay for home improvements averaging $1,000.00 per month. See Motion, pg. 12. However, given that defendant Serrazina has conceded that probable cause existed to search for evidence of stolen paint, wallpaper and a refrigerator, it was equally reasonable for Special Agent Hedges to believe that she did not have the financial wherewithal to afford $1,000.00 worth of home improvements per year.

19

Affidavit, had become familiar with its contents, and believed in good faith that probable cause existed to search for the items listed in Attachment A.[3]

### III. Given That Defendant Serrazina Has Conceded That Probable Cause Existed To Search For Some Items, All Of The Remaining Seized Items Were Properly Seized Under The Plain View Doctrine.

Under the plain view doctrine, "[f]irst, the officer must lawfully have reached the position from which he plainly could view the seized object." United States v. Jones, 187 F.3d 210, 219 (1st Cir. 1999)(citing Horton v. California, 496 U.S. 128, 133 (1990)). "Second, the seizure must satisfy the probable cause standard." Jones, 187 F.3d at 220 (citing Soldal v. Cook County, 506 U.S. 56, 66 (1992). "Finally, the plain view exception to the warrant requirement necessitates that the officer `have a lawful right of access to the object itself.'" Jones, 187 F.3d at 220 (quoting Horton, 496 U.S. at 138).

Evidentiary value is "immediately apparent" if there are "`enough facts for a reasonable person to believe that the items

---

[3] Defendant Serrazina spends some time and energy arguing that Special Agent Hedges should have known that there was no probable cause to search her residence. However, the Leon inquiry focuses upon the objectively reasonable belief of the executing agents, not the affiant, and is, therefore, misdirected in this particular case. See Syphers, 426 F.3d at 468 (finding that "the police who executed the third warrant had an objectively reasonable belief . . ."); United States v. Owens, 167 F.3d 739, 745 (1st Cir. 1999)(focusing on objectively reasonable belief of executing agents).

20

in plain view may be contraband or evidence of a crime.'" United States v. Perotta, 289 F.3d 155, 167 (1st Cir. 2002)(quoting United States v. Hamie, 165 F.3d 80, 83 (1st Cir. 1999)). "The term 'immediately apparent' has been defined as sufficient to constitute probable cause to believe it is evidence of criminal activity." Hamie, 165 F.3d at 83. Further, "[t]his standard requires [that] '[t]here must be enough facts for a reasonable person to believe that the items in plain view may be contraband or evidence of a crime. A practical, non-technical probability that incriminating evidence is involved is all that is required.'" Id. (quoting United States v. Giannetta, 909 F.2d 571, 579 (1st Cir. 1990).

There can be no question that the seizing agent satisfied the first and third elements of the plain view doctrine. The seizing agent had a duly authorized search warrant that permitted a search for, among other items, documents relating to home improvements. This naturally permitted the searching agents to look in all areas of defendant Serrazina's house where such items could be located or secreted.

As discussed above, the facts firmly established that the seizing agent had probable cause to believe that documents and photographs of home improvements were evidence of the commission of a crime. Defendant Serrazina has conceded that sufficient probable cause existed to believe that there would be evidence of

21

wallpapering, painting, and the theft of a stolen refrigerator found at the house. Therefore, at a minimum, any documents or physical evidence relating to those items were properly seized under the plain view doctrine. See Exhibit B, ¶ 9.

## IV. Conclusion

Therefore, for the foregoing reasons, the Government respectfully requests that the court deny defendant Serrazina's Motion to Suppress.

Filed this 10th day of February, 2006.

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> /s/ William M. Welch II
> _____
> WILLIAM M. WELCH II
> Assistant United States Attorney

22

## CERTIFICATE OF SERVICE

Hampden, ss.                          Springfield, Massachusetts
                                      February 10, 2006

    I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by mailing said motion to:

all defense counsel of record

/s/ William M. Welch
WILLIAM M. WELCH II
Assistant United States Attorney

23