**AFFIDAVIT**

I, Susan Kossler, being duly sworn, does depose and state the following:

1. Your affiant, Susan E. Kossler, is employed as a Special Agent with the Federal Bureau of Investigation and has been so employed since April, 1990. During the course of my law enforcement career, I have written numerous search warrants and participated in the execution of many search warrants, including many search warrants in the area of white collar crime and public corruption.

2. I participated in a number of the initial interviews with Lisa Asselin. During those interviews, she conveyed a pattern of fraud involving the Springfield Housing Authority in which the entire Asselin family, including Maria Serrazina, participated and benefitted. This pattern of fraud extended over a number of years. The pattern of fraud was so common place and second nature that the family members, for example, simply had to put a note in a basket by the door at the residence of Raymond Asselin, Sr. in order to request a particular home improvement project.

3. I knew that Maria Serrazina was gainfully employed, but I also knew that the entire Asselin family except for several of the wives were gainfully employed. Despite substantial incomes earned by the various members of the Asselin family, all of them nonetheless still stole various items from SHA. In addition, during our interviews with Lisa Asselin, she stated that Maria Serrazina projected herself as "the poor widow" and more in need of help than the others.

4. I know that Special Agent Hedges was the affiant for the search warrant at Maria Serrazina's house. I also know that Magistrate Judge Neiman reviewed and signed the warrant that authorized the seizure of the items in Attachment A. The fact that Magistrate Judge Neiman reviewed and authorized the warrant told me that probable cause existed to seize the items listed in Attachment A.

5. It is my practice to read and review an affidavit for a search warrant prior to its execution. I recall that I personally


GOVERNMENT EXHIBIT B

reviewed the search warrant affidavit for Maria Serrazina's residence.

6. I believe that probable cause existed to search for all of the items listed in Attachment A of the search warrant. First, I thought that the Affidavit accurately described a fraud that lasted for at least fifteen years and covered a wide array of misappropriated items, ranging from home improvement items to tools to other items. I also thought that the Affidavit made clear that the examples were illustrative, not exhaustive, and that, given the length of time and breadth of the fraud, that the witness could not reasonably be expected to remember each and every instance of fraud. I also thought that the first part of the Affidavit showed that all of the children received the benefit of the fraud without limitation.

7. I also believed that although the Affidavit only recited instances of a stolen refrigerator, painting and wallpapering at Maria Serrazina's residence, it was reasonable and highly likely that, given the pervasiveness of the fraud and the equal participation in the fraud by the family members, including Maria Serrazina, it was probable that evidence of the fruits of the fraud would extend beyond a stolen refrigerator, painting and wallpapering. I also believed that it was reasonable and highly likely that her house would contain evidence of SHA fraud and bribery to an extent and nature similar to her siblings.

8. The fact that Asselin, Sr. decided to conceal $240,000.00 in bribe proceeds in defendant Serrazina's house was also highly significant to me. It confirmed what I knew from the interviews with Lisa Asselin, and what I believe that the Affidavit reflected, which was that Asselin, Sr. did not try to insulate or shield Maria Serrazina from the fraud or bribery schemes. Instead, it told me that Maria Serrazina and her residence were full participants and firmly involved in the fraud and bribery schemes. Asselin, Sr. would not have entrusted that amount of money to a non-participant.

9. In addition to seizing items under the terms of the search warrant, I know that many of the items also were equally sseizable under the plain view doctrine. For example, the searching agents were looking for evidence of a stolen refrigerator, and the agents came across a receipt showing a construction company buying something for $2,700.00 for Maria Serrazina. See Exhibit 1. In addition, the agents came across a list of appliances and serial numbers that looked like an order

2

list. <u>See</u> Exhibit 2. Finally, the agents came across, for example, paint cans and floor tiles consistent with those used at SHA.

                                                            */s/ Susan E. Kossler*
                                                          SUSAN E. KOSSLER
                                                          Special Agent/FBI