UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RAYMOND ASSELIN SR., et al. )<br>)<br>Defendants )<br>) | CRIMINAL ACTION No. 04-30033-MAP |

MARIA SERRAZINA'S REPLY TO THE GOVERNMENT'S
OPPOSITION TO HER MOTION TO SUPPRESS

I.  INTRODUCTION

On September 27, 2002, pursuant to a warrant, federal agents executed a search of Maria Serrazina's residence at 140 Salli Circle, Ludlow, Massachusetts. During the search, they seized one carton of "financial documents" and five cartons of "miscellaneous documents" from her hallway, her dining room, her bedroom, her basement and unspecified locations[1] (Search Warrant Return, items 2, 3, 4, 5, 6 and 8).

---

[1] In addition, the agents inventoried her appliances and, by information and belief, photographed the contents of her home, room by room. The government claimed at oral argument (without affidavit) that the photographs were "entrance" and "exit" photographs which agents take as a matter of course while executing search warrants. Since: (a) whether such photographs are taken as a matter of course for liability reasons is a factual question, and (b) it is not clear if the "exit" and "entrance" photographs are inculpatory (the government has not provided Ms. Serrazina with copies), Ms. Serrazina suggests that the question of the admissibility of any "exit" and "entrance" photographs be denied without prejudice at this time, subject to later challenge by the defendant.

1

The warrant was based on an affidavit that was also used in support of seven other search warrants. In its memorandum, the government has conceded that the specific allegations in the one-size-fits-all affidavit against Ms. Serrazina personally are sparse, particularly in light of the fact that the government has alleged Ms. Serrazina participated in "a fraud spanning approximately 15 years."[2] Nonetheless, the government argues that the search warrant for Maria Serrazina's residence is valid because the nature and extent of the allegations <u>made against her siblings</u> provided the requisite probable cause to conduct an expansive search of her home.

---

[2] The affidavit alleges that Ms. Serrazina's total involvement in the 15 years of fraudulent conduct was limited, on unknown dates, to: (a) wallpapering and painting in her residence by SHA employees, (b) delivery of a refrigerator purchased with SHA funds to her residence, and (c) the hiding of a briefcase in the attic of her home by her father and brother. (No suggestion was made in the affidavit that she had knowledge of this last event.)

Ms. Serrazina agrees that the agents had probable cause to search for the briefcase. However, probable cause to search for a briefcase (or half-used cans of paint or rolls of wallpaper) did not give the agents the right to seize any documents. These are the subject of Ms. Serrazina's motion to suppress. See United States v. Weber, 923 F.2d 1338, 1344 (9th Cir. 1991), "probable cause to believe that some incriminating evidence will be present at a particular place does not necessarily mean there is probable cause to believe that there will be more of the same." See also Search and Seizure, vol. 2, LaFave, §3.7(d), which states, "if it is shown that the occupant of the premises to be searched recently knowingly received two items of stolen property, . . . there is probable cause to search for those two items, but this alone does not establish the suspect's ongoing activities as a fence so as to justify issuance of a warrant authorizing search for other stolen property as well."

2

But the government's argument that the allegations about her siblings establishes a constitutional basis for the all-records search of Ms. Serrazina's home must fail. First, the affidavit violates the Fourth Amendment's "strict requirements" that probable cause be individualized to show that evidence of a crime will be found at the particular location to be searched. See United States v. Diaz, 841 F.2d 1, 3, (1st Cir. 1988). "Mere suspicion, rumor, or strong reason to suspect wrongdoing" is simply insufficient to satisfy the requirements of probable cause. United States v. Vigeant, 176 F.3d 565, 569 (1st Cir. 1996). Second, the Fourth Amendment does not allow an all-records search of a person's home absent "extraordinary" proof that an individual's entire life is consumed by fraud.[3] See United States v. Falon, 959 F.2d 1143, 1148 (1st Cir. 1992).

---

[3] A person's home merits the utmost level of protection under the Fourth Amendment. See, e.g., Kyllo v. United States, 533 U.S. 27 (2001) ("At the 'very core' of the Fourth Amendment 'stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion'" (quoting Silverman v. United States, 365 U.S. 505, 511 (1961)); United States v. Martins, 413 F.3d 139, 146 (1st Cir. 2005).

3

II. **THE FACTS IN THE AFFIDAVIT REGARDING MS. SERRAZINA DID NOT SUPPORT A SEARCH WARRANT WHICH ALLOWED THE REVIEW AND SEIZURE OF EVERY DOCUMENT IN HER HOME**

   A. *The affidavit fails because it does not support a finding that evidence of the crimes allegedly committed by Maria Serrazina would be found among her personal papers.*

The United States Attorney's office claims repeatedly in its memorandum that probable cause existed to justify the wholesale search of Maria Serrazina's home. More specifically, it argues:

> Although Paragraphs 28A through 28D only mention wallpapering, painting and a new refrigerator at defendant Serrazina's residence, it was reasonable and probable for the magistrate judge to infer that her house would contain evidence of SHA fraud and bribery to an extent and nature similar to her siblings. The affidavit contained no information, nor does any information exist, to suggest that her parents treated defendant Serrazina any differently than her siblings. Given the span of time and breadth of the fraud, it was likely and probable that defendant Serrazina would have benefitted from the SHA fraud and bribery in a manner and to an extent similar to her siblings.

But reliance on the phrase "probable cause" is a "*meaningless mantra unless [it is] connected to supporting facts*," *United States of America v. Matthews*, No. 1:05-cr-10073-NG, (D.Mass., filed March 1, 2006) (emphasis added). Here, there are no supporting facts in the affidavit to substantiate the government's assertions concerning Ms. Serrazina.

The lack of probable cause becomes clear when one analyzes the specific allegations in the affidavit concerning Ms. Serrazina one by one.

First, the affidavit states that the wallpapering and painting at the Serrazina home were paid for and performed by SHA employees

4

on SHA time.  These activities would not have generated any documents likely to be found in her home.  (The affidavit identifies the documents which would have been generated by such activity--"falsely punched" SHA time cards (paragraph 28B)--but these would have been found at the SHA office, not at Ms. Serrazina's house.)

Second, the affidavit states that a refrigerator paid for by SHA was delivered to Ms. Serrazina's home.  Again, there was no likelihood that proof of the SHA purchase of the refrigerator would be found in the Serrazina home.[4]  That document would have been located at the SHA office.  As here, when there is no allegation in the affidavit that even suggests that evidence of a crime can be found in an individual's records, the documents seized pursuant to such a search warrant must be suppressed.  See United States v. Diaz, 841 F.2d 1, 4 (1st Cir. 1988).

There is simply nothing in the affidavit that would allow the issuance of a search warrant to seize all of Ms. Serrazina's documents.  The affidavit is not saved by allegations that Ms. Serrazina's siblings received extensive home improvements from SHA

---

[4] Compare this affidavit with affidavits supporting a search for documents of alleged drug distributors.  In United States v. Zayas-Diaz, 95 F.3d 105, 109 (1st Cir. 1996), the affiant asserted that "drug traffickers commonly . . . retain for their ready reference, in their residences for extended periods, records relating to their ongoing trafficking activities."  No similar assertion was made with regard to the likelihood of finding incriminating evidence among Maria Serrazina's personal papers and common sense argues against it.

funds. Speculation that Maria Serrazina received similar items is not particularized constitutional probable cause. See United States v. Vigeant, 176 F.3d 565, 569 (1st Cir. 1996).

To allow a search in these circumstances would be to carve out a whole new exception to probable cause, entitled "the seize all documents in the home based on family membership exception." Probable cause cannot and should not be read to create such an exception.

  B. <u>There was no probable cause to support an all-records search of Ms. Serrazina's residence</u>.

The affidavit makes no attempt to delineate the dates on which the illegal activity allegedly occurred at Ms. Serrazina's home and the search warrant does not attempt to limit the time period of the documents to be seized. By authorizing Categories A, C and E (the search and seizure of any and all documents relating to any home improvement project, finances, or receipt of anything of value, without time limitation), the warrant effectively authorized and the federal agents did in fact execute, an all-records search. The federal law enforcement agents could seize any document in Ms. Serrazina's house for their later review. In all, the agents seized six cartons of documents, five of miscellaneous documents.

The affidavit's fundamental shortcoming in this regard is that Maria Serrazina did not engage in anywhere near the kind of pervasive fraud necessary to justify an all-records search of her home. See United States v. Falon, 959 F.2d 1143, 1148 (1st Cir.

6

1992) (requiring "extraordinary proof to demonstrate that an individual's entire life is consumed by fraud and that all records found in the home were subject to seizure"); United States v. Brien, 617 F.2d 299, 308 (1st Cir. 1980).

To find probable cause in this case for an all-records search on the basis of the alleged payment by SHA for painting, wallpapering and a refrigerator would mean every time the government even remotely implicated one's finances in an affidavit, a search of all one's financial and/or personal documents would be justified. The Fourth Amendment does not tolerate unlimited searches based on such tangential inferences. See United States v. Vigeant, 176 F.3d 565, 569 (1st Cir. 1999). Accordingly, all documents searched and/or seized pursuant to categories A, C and E must be suppressed.[5]

    C. <u>Leon Good Faith exception does not apply</u>.

Finally, the government asserts that the Leon inquiry focuses only on the objectively reasonable belief of the executing officer,

---

[5] Contrary to the government's assertion, the defendant is not seeking blanket suppression of all evidence seized pursuant to the warrant. Rather, the defendant seeks suppression of those items searched, seized or inventoried pursuant to categories of items that are not supported by probable cause. The defendant seeks to suppress all of documents seized pursuant to categories A, C and E and the inventory list of items other than the refrigerator made pursuant to categories B and D. See United States v. Diaz, 841 F.2d 1, 4 & n.1 (1st Cir. 1988) (finding good faith exception inapplicable, suppressing items seized pursuant to categories of search warrant not supported by probable cause, and noting that this type of suppression is partial suppression, not blanket suppression).

not the officer affiant. (See Gov.'s Mot. in Opp'n. to Mot. to Suppress at n. 3.)  This is not correct.  In the case cited by the government, <u>United States v. Robinson</u>, 350 F.3d 66, 70 (1st Cir. 2004), the court stated that suppression is appropriate "if the officers [who prepared the affidavit] were dishonest or reckless <u>in preparing their affidavit</u> or could not have harbored an objectively reasonable belief in the existence of probable cause".  See also <u>Vigeant</u>, 176 F. 3d at 572.  Indeed, if the executing officer was as familiar with the case as the government asserts, she also could not have held an objectively reasonable belief in the validity of the warrant that allowed a search throughout Ms. Serrazina's home for all financial documents.

III. <u>CONCLUSION</u>

For the foregoing reasons, the documents seized pursuant to categories A, C, and E of the search warrant and the inventory list of items other than the refrigerator should be suppressed.

                                     Respectfully submitted,
                                     The defendant Maria Serrazina,
                                     By her attorney,

Dated:  March 9, 2006                _____
                                     Thomas Lesser, BBO No. 295000
                                     Lesser, Newman, Souweine & Nasser
                                     39 Main Street
                                     Northampton, MA 01060
                                     413-584-7331

CERTIFICATE OF SERVICE

    I, Thomas Lesser, hereby certify that on March 9, 2006, I served a copy of the foregoing document on all counsel of record and counsel for the government by mailing, first class, postage prepaid to: counsel of record and William Welch, Esq., Assistant United States Attorney, Federal Building and Courthouse, 1550 Main Street, Springfield, MA 01103-1422.

                                                                          _____
                                                                          Thomas Lesser

Serrazina\Reply Opp. Motion to Suppress
3/9/06