UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | )  CR-N-04-30033-MAP |
| Plaintiff, | ) |
| vs. | ) |
| RAYMOND ASSELIN, SR., et al., | ) |
| Defendants. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT SERRAZINA'S
REPLY TO GOVERNMENT'S OPPOSITION TO HER MOTION TO SUPPRESS**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby files this response to defendant Serrazina's Reply to Government's Opposition to Her Motion to Suppress.

The purpose of this response is not to re-argue those issues addressed in the Government's original response to defendant's Serrazina's Motion to Suppress. Indeed, the Government sees nothing new in the defendant's Reply that was not previously raised in her initial Motion to Suppress or argued orally.

It is imperative, however, that the Government correct the record and strip away the hyperbole contained within the defendant's claim that the Government engaged in an "all-records" search. Defendant Serrazina repeatedly asserts that the

1

Government seized six cartons of documents. See Defendant Serrazina's Reply, p. 1 (stating that "they seized one carton of `financial documents' and five cartons of `miscellaneous documents'"); p. 6 (stating that "federal agents did in fact execute, [sic] an all-records search"); p. 6 (stating that "in all, the agents seized six cartons of documents, five of miscellaneous documents."). This description of the quantity and volume of documents seized by the agents, and the image that such a description must convey to the court, is patently false.

In fact, the agents did not seize six cartons of documents. Instead, as evidenced by Exhibit 1, the agents seized a number of file folders and a three ring binder, all of which contained financial documents or other home improvement related documents whose seizure was authorized by the search warrant. See Exhibit 1, Items 2 through 6, 8. The agents placed these items into brown evidence bags, which the agents then put into two cardboard boxes. The two cardboard boxes have been photographed and attached as Exhibit 2. See Exhibit 2. The brown evidence bags do not tightly fill the two cardboard boxes.

Perhaps by making the court think that the agents actually seized six cartons of documents, defendant Serrazina believes that this somehow advances her argument that the agents engaged in an "all-records" search. Contrary to this argument, the small subset of documents actually seized by the agents evidences that

2

the agents did not engage in an "all records" search. Indeed, if anything, the small amount of documents seized shows that the language of the search warrant restrained the agents in their ability to engage in an "all records" search and allowed them to seized only those items authorized by the search warrant.

Therefore, for the foregoing reasons, the Government respectfully requests that the court deny defendant Serrazina's Motion to Suppress.

Filed this 4th day of March, 2006.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

    _____
    WILLIAM M. WELCH II
    Assistant United States Attorney

3

CERTIFICATE OF SERVICE

Hampden, ss.                          Springfield, Massachusetts
                                      April 4, 2006

    I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by mailing said motion to:

all defense counsel of record

                                        /s/ William M. Welch II
                                        WILLIAM M. WELCH II
                                        Assistant United States Attorney