UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA )
)
v. ) 04-CR-30033-MAP
)
MARIA SERRAZINA )



MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION TO SUPPRESS
(Docket No. 130)

May 18, 2006

PONSOR, U.S.D.J.

Defendant Maria Serrazina has moved to suppress the
fruits of the search conducted by the Federal Bureau of
Investigation on September 27, 2002 of her home in Ludlow,
Massachusetts. Specifically, the motion seeks suppression
of certain categories of evidence seized by the agents, on
the ground that the search warrant did not provide probable
cause to support the scope of the search conducted.

The motion is hereby DENIED for the following reasons.

The affidavit supporting the warrant application
provided the Magistrate Judge with probable cause to believe
that Serrazina's father and co-defendant, illegally
exploiting his position with the Springfield Housing

Authority ("SHA"), had used SHA employees and SHA funds to construct and pay for home improvements to his own residence and to the residences of his children since 1987.  Specific examples of the kind of supplies and services provided included paint and wallpaper, lighting fixtures, power tools, vacuum cleaners, and other items.  Apart from general information regarding the benefits received by the Asselin children as a group, the affidavit provided specific information regarding services and supplies received by Serrazina herself, including having SHA employees paint the interior of her home on several occasions, providing her with a free refrigerator, and hanging wallpaper.  In addition, and most extraordinarily, the affidavit provided the Magistrate Judge probable cause to believe that Serrazina's co-defendants had secreted a briefcase in her house containing $240,000 in illegally obtained cash.[1]

Given these circumstances, the attachment to the warrant application specifying the items to be seized understandably requested authority to seize a broad range of

---

[1] The government does not contest, at this point, Serrazina's claim that she was unaware of the briefcase's presence in her home.

-2-

documentary information, including: contracts, estimates and receipts relating to home improvement projects; and records and documents relating to financial resources. Not surprisingly, the warrant also permitted the seizing agents to inventory and videotape appliances and furnishings in the home. All these materials were well within the scope of the warrant application, given the length and breadth of the alleged conspiracy and the specific evidence that Serrazina had benefitted from it.

In light of this evidence, the court cannot conclude that the categories of documents listed in Items 2 through 8 fell outside the scope of the warrant. This ruling is without prejudice to any subsequent Motion to Suppress aimed at a particular document.[2]

It is So Ordered.

_Michael A. Ponsor_
MICHAEL A. PONSOR
U. S. District Judge

---

[2] The parties' submissions indicate some degree of disagreement over the actual amount of material seized by the agents. If a renewed Motion to Suppress is filed, and exploration of this disagreement is necessary, Defendant may request an evidentiary hearing.

-3-