UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 04-30033-MAP |
| | ) | |
| vs. | ) | |
| | ) | |
| MARIA SERRAZINA, | ) | |
| | ) | |
| Defendant. | ) | |

### PRETRIAL DIVERSION AGREEMENT

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, and Maria Serrazina, enter into this written Pretrial Diversion Agreement (the "Agreement").

### Background

1. On July 9, 2004, the Grand Jury returned an Indictment against Maria Serrazina in United States District Court for the District of Massachusetts captioned United States v. Raymond Asselin, Sr., et al., Criminal No. 04-30033-MAP, charging the defendant with, among other things, conspiring to receive gratuities and receipt of gratuities, in violation of 18 U.S.C. §§ 371 and 201, and conspiracy to commit theft against the United States, in violation of 18 U.S.C. §§ 371 and 641. Maria Serrazina was arraigned on the Indictment on July 12, 2004.

2. On January 11, 2005, the Grand Jury returned a

1

Superseding Indictment against Maria Serrazina in United States District Court for the District of Massachusetts captioned <u>United States v. Raymond Asselin, Sr., et al.</u>, Criminal No. 04-30033-MAP, charging the defendant with, among other things, the same violations described above. Maria Serrazina was arraigned on the Superseding Indictment on January 19, 2005.

<u>Terms and Conditions</u>

3. In light of the nearly two years that Maria Serrazina has been subject to pre-trial release conditions without incident, together with her willingness to: (a) acknowledge responsibility for her conduct; and (b) comport her future conduct in accordance with the law, the Government has determined that the interests of justice will best be served by entry into this Agreement on the following terms and conditions:

4. Maria Serrazina acknowledges, stipulates to the accuracy of, and accept responsibility for the conduct set forth in the Agreed Statement of Facts attached hereto as Exhibit A, which is incorporated by reference into this Agreement. Maria Serrazina agrees that she will not contest the admissibility into evidence of Exhibit A in any subsequent criminal proceedings occurring in the event of a breach of this Agreement.

5. Maria Serrazina agrees that she shall not individually, jointly, through present or future attorneys, or through present or future representatives or agents, make any statement

contradicting any statement of fact contained in Exhibit A. Any such contradictory statement shall constitute a breach of this Agreement, and Maria Serrazina thereafter will be subject to prosecution pursuant to the terms of this Agreement.

6.  The Government agrees to recommend to the Court that prosecution of Maria Serrazina on the Superseding Indictment referenced in paragraph 3 be deferred for a period of eighteen months (hereafter, the "Diversion Period"), provided that Maria Serrazina comply with all of the terms and conditions of this Agreement.

7.  During the Diversion Period, Maria Serrazina shall not violate any federal, state, or local law and, through her counsel, shall notify the Government within 72 hours should she be arrested in connection with any offense other than a routine traffic infraction. Such notice shall be provided in writing to Assistant United States Attorney Steven Breslow, U.S. Attorney's Office, 1550 Main Street, Suite 310, Springfield, MA 01103.

8.  The Government agrees that if Maria Serrazina is in full compliance with all of her obligations under this Agreement, the Government shall, within thirty days of the expiration of the Diversion Period, seek dismissal of the Indictment with prejudice.

9.  It is understood that should the Government, in its sole discretion, determine that Maria Serrazina has violated any

provision of this Agreement, then the Agreement shall become null and void and the Government may thereafter institute criminal prosecution against her for violating the Agreement for the offense alleged in the Superseding Indictment.

10. Maria Serrazina hereby knowingly and willingly tolls the statute of limitations and waives her rights to a speedy trial for the offenses charged in the Superseding Indictment during the period of time this Agreement is in effect. Maria Serrazina hereby certifies the she is aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial, and that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information, or in bringing a defendant to trial; that she requests the Government to defer such prosecution; that she agrees and consents that any delay from the date of this Agreement through the Diversion Period shall be deemed to be a necessary delay at her request and excluded from computation under the Speedy Trial Act; and that she waives any defense to such prosecution on the ground that such delay during the Diversion Period operated to deny her rights under Rule 48(b) of the Federal Rules of Criminal Procedure, Title 18, United States

Code, Section 3161, and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reasons of the running of the statute of limitations for the Diversion Period.

11. As a condition of this Agreement, Maria Serrazina hereby knowingly and willfully agrees to waive any claim she might have to 56 Stage Island Road, Chatham, Massachusetts and/or $240,000.00 in cash seized from 140 Salli Circle, Ludlow, Massachusetts (collectively the "Properties"), and to transfer any interest she might have in the Properties to Raymond Asselin, Sr. for purposes of effectuating the forfeiture and final disposition of the Properties in this case. Maria Serrazina's waivers of her claims and assignments of any interests she might have in the Properties to Raymond Asselin, Sr. for purposes of forfeiture in this case is being filed with this Agreement. Maria Serrazina specifically agrees that any failure to transfer the Properties as outlined above shall constitute a material breach of this Agreement.

12. As a further condition of this Agreement, Maria Serrazina hereby knowingly and willfully agrees to pay restitution in the amount of $20,000.00. Maria Serrazina agrees that this amount is a fair and equitable resolution to any potential claims of restitution involving SHA resources and SHA contractor proceeds used in relation to her residence at 140

Salli Circle, Ludlow, Massachusetts. The $20,000.00 in restitution shall be due and payable in a manner required by the clerk's office for the United States District Court from the date of its execution by Maria Serrazina and her counsel.

13. This Agreement shall remain in effect for a period of eighteen months from the date of its execution by Maria Serrazina and her counsel.

14. It is understood and agreed by all parties that this Agreement shall be publicly filed in the United States District Court for the District of Massachusetts upon its full execution.

15. This Agreement contains the complete agreement between the parties. No promises, representations or agreements have been made other than those set forth in this Agreement. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement may not be modified except in writing signed by all the parties.

16. This Agreement may be executed in counterparts.

**On Behalf of the Government**

Dated: April __, 2007                MICHAEL J. SULLIVAN
                                     United States Attorney
*May 1, 2007*

                              By
                                     MICHAEL K. LOUCKS
                                     Acting United States Attorney

On Behalf of the Defendants

I hereby state and affirm that I have read this Agreement and understand its contents. I agree that I will comply with the Terms and Conditions stated herein.

Dated: September 14, 2006                       _____
                                                 Maria Serrazina

I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands the terms of this Agreement and all the rights that she is giving up by entering into this Agreement, and based on the information now known to me, her decision to enter into this Agreement is knowing and voluntary.

Dated: September 14, 2006

                           By    _____
                                 Thomas Lesser
                                 Attorney for Maria Serrazina

EXHIBIT A

## AGREED STATEMENT OF FACTS

1. I, Maria Serrazina, reside at 140 Salli Circle, Ludlow, Massachusetts.

2. Since moving to 140 Salli Circle, I accepted and take responsibility for accepting a number of items from my father for which I did not pay. These included paint and wallpaper, a refrigerator and an alarm system. I now understand that the refrigerator was paid for by G & R, a company that did business with SHA, the alarm system came from Eastern Electronics, a company that did business with SHA, and the paint and wallpaper were paid with SHA funds.

3. In addition, I also accept and take responsibility for accepting from my father the services of workmen who did painting and wallpapering at my house, and also did construction work on a porch at my home. I did not pay for these workmen. I now understand that the persons doing the painting and wallpapering were SHA employees being paid for by SHA at the time they were working on my home, and that G & R Associates, Inc. paid for workmen performing construction work on the porch of my home.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 04-30033-MAP |
| | ) | |
| vs. | ) | |
| | ) | |
| MARIA SERRAZINA, | ) | |
| | ) | |
| Defendant. | ) | |

WAIVER OF
ANCILLARY CLAIMS, ASSIGNMENT AND
TRANSFER OF RIGHTS, AND CONSENT TO FORFEITURE

For valuable consideration, the receipt of which is hereby acknowledged, the undersigned, defendant Maria Serrazina, hereby assigns and transfers to Raymond Asselin, Sr. solely for purposes of forfeiture and final disposition by this Court in this case, any and all claims, rights, and interests that she may have, now or in the future, to the following assets:

(a) 56 Stage Island Road, Chatham, Massachusetts; and

(b) $240,000.00 in cash found at 140 Salli Circle, Ludlow, Massachusetts,

(collectively, the "Properties").

Maria Serrazina hereby knowingly, intelligently, and voluntarily waives and releases any and all claims and rights that she may have to contest the forfeiture of the Properties in this case.

Maria Serrazina hereby consents to the forfeiture to the United States, or other disposition pursuant to the orders of this Court, of the Properties.

Maria Serrazina hereby agrees to assist in delivering, transferring, and conveying clear title to, the Properties to the United States or to such other person as this Court may determine should receive such clear title, recognizing that such assistance may include, and may not be limited to, executing any further documents deemed necessary by this Court or by the U.S. Attorney's Office for the District of Massachusetts. Maria Serrazina agrees to perform all such acts promptly upon request.

Maria Serrazina hereby unconditionally releases, and agrees to hold harmless, the United States of America, including, but not limited to, the United States Department of Justice, the FBI, HUD, the IRS, and all of their respective officers, agents, and employees, from any and all claims, demands, damages, causes of actions or suits, of whatever kind and description and wheresoever situated, which might now or ever exist by reason of, or grow out of or affect, directly or indirectly, the restraint, seizure, forfeiture, and final disposition of the Properties, as well as the payment of restitution in the amount of $20,000.00.

Without limiting the generality of the foregoing, Maria Serrazina hereby knowingly, intelligently, and voluntarily waives and releases any claim that such restraint, seizure, forfeiture, and disposition violate the Fourth Amendment, the Due Process Clause or the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, of the United

States Constitution, or any other provision of federal or state constitutional, statutory, or common law.

Maria Serrazina hereby acknowledges that she has had a full opportunity to consult with separate and competent legal counsel in connection with the execution of this document, that its provisions and legal effects have been explained to her, and that she is executing it freely and voluntarily, without coercion, duress or undue influence.

EXECUTED THIS _14_ DAY OF _September_ 2006:

_____
Maria Serrazina

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss

Sworn and subscribed to before me this _14th_ day of _September_, 2006.

_____
Notary Public

My commission expires:

_April 17, 2009_

3